**FILED**
**Dec 04, 2018**
**12:08 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **EVAN BACH,** | ) | **Docket No. 2018-02-0298** |
| **Employee,** | ) | |
| **v.** | ) | |
| **LYNN FOGLEMAN** | ) | **State File No. 51112018** |
| **CONSTRUCTION,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| **PLAZA INSURANCE COMPANY,** | ) | **Judge: Brian K. Addington** |
| **Insurance Carrier.** | ) | |

## ORDER DENYING MEDICAL BENEFITS

This matter came before the Court on Evan Bach's Request for Expedited Hearing seeking medical benefits for his January 15, 2018 work-related accident at Lynn Fogleman Construction (Fogleman). Mr. Bach requested a decision on the record. Fogleman did not object.

After reviewing the file, the Court determined it would make an on-the-record determination rather than conduct an in-person evidentiary hearing, holding it needed no additional information to determine whether Mr. Bach is likely to prevail at a hearing on the merits.

The Court sent a docketing notice giving the parties seven business days to object to the contents of the record and to file briefs. Fogleman filed a Position Statement; Mr. Bach did not. The case came before the Court on December 3, 2018, on the issue of whether Mr. Bach is entitled to a panel of specialists to address his vertigo and hearing complaints. Because no physician recommended treatment or referral for treatment of Mr. Bach's complaints, the Court denies the requested relief.

1

## Claim History

Mr. Bach fell from a ladder at work and underwent emergency medical treatment. The ER providers diagnosed multiple ribs fractures, a subarachnoid hemorrhage, pleural effusion and a collapsed lung.

Mr. Bach saw several specialists for his emergency care. Dr. Paris Patel treated the pleural effusion. Dr. Richard Carter addressed his collapsed lung and referred him to a physiatrist to address his fractured ribs. Fogleman provided a panel, and Mr. Bach saw Dr. William Platt.[1] Dr. Platt provided conservative treatment for Mr. Bach's broken ribs and noted the subarachnoid hemorrhage had resolved. All three doctors placed Mr. Bach at maximum medical improvement and did not recommend further treatment.

Mr. Bach alleged he continues to suffer from hearing loss and vertigo and requests a panel of physicians for treatment. Mr. Bach originally insisted in his Petition for Benefit Determination that Fogleman provided him with an invalid panel, but in his Request for Expedited Hearing asserted that it failed to provide a panel of specialists.[2] Fogleman argued that it provided emergency treatment and a panel of physicians when the emergency physician made a referral. As no physician recommended further treatment, it argued it should not be forced to provide another panel to Mr. Bach.

## Findings of Fact and Conclusions of Law

Mr. Bach has the burden of proof but need not prove every element of his claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Bach has not presented to the Court a medical opinion that he needs treatment to address his alleged vertigo and hearing loss. Rather, he relied on his own assertions and asked the Court to make this medical determination. The Appeals Board previously noted that judges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination. *See Scott v. Integrity Staff. Sol.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Aug. 18, 2015). Likewise, parties and their lawyers cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16-18 (Feb. 14, 2018).

---

[1] Mr. Bach did not sign the panel but chose to see Dr. Platt. When an employee seeks treatment from a physician off a panel, it constitutes acceptance of the panel. *See* Tenn. Code Ann. § 50-6-204 (a)(1)(D)(ii).

[2] Mr. Bach did not explain why he considered the panel invalid.

2

The medical evidence indicates Mr. Bach received treatment by authorized physicians who placed him at maximum medical improvement and concluded he does not need additional treatment. Thus, the Court holds that Mr. Bach has not established he is likely to succeed at a hearing on the merits as to his right to a panel of specialists for hearing loss and vertigo.

**IT IS THEREFORE, ORDERED as follows:**

1. Mr. Bach's requested relief is denied at this time.

2. This case is set for a Status Hearing on **January 18, 2019, at 2:00 p.m**. The parties must call 855-543-5044 to attend the hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED December 4, 2018.**

_/S/ Brian K. Addington_
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Information Considered**:

1. Mr. Bach's Rule 72 Declaration
2. Request for Expedited Hearing
3. Petition for Benefit Determination
4. Dispute Certification notice
5. Submitted Medical Records
6. Suspension of Benefits Letter to Mr. Bach
7. Employer's Position Statement and Exhibits
8. Employer's Response to Docketing Notice

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on December 4, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Kathleen Lewis, Employee's Attorney | | | X | klewis@forthepeople.com zwiley@forthepeople.com |
| Daniel Howard, Employer's Attorney | | | X | daniel.howard@sa-trial.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Expedited Hearing Order Right to Appeal</u>:

   If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)
**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]        _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

_____    Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation    $ _____ per month    Child Support    $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____